[Nos. 46773-9-II; 47706-8-II.   Division Two.   November 23, 2016.]

THE STATE OF WASHINGTON, *Respondent*, v. JACOB IVAN
SCHMITT, *Appellant*.

*In the Matter of the Personal Restraint of* JACOB IVAN
SCHMITT, *Petitioner*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant Jacob I. Schmitt.

*Jeffrey E. Ellis* (of *Law Office of Alsept & Ellis*), for petitioner Jacob I. Schmitt.

*Mark E. Lindquist, Prosecuting Attorney*, and *James S. Schacht, Deputy*, for respondent.

¶1   LEE, J. — Jacob Ivan Schmitt pleaded guilty to two counts of first degree theft and one count of second degree

burglary. He appeals, contending his prior 1996 second degree robbery conviction washed out, even though he was convicted of federal bank robbery in 2001, because the subsequent crime was not comparable to a Washington offense. We hold that the 1996 robbery conviction did not wash out because Schmitt committed an intervening federal felony offense for which he spent over 10 years incarcerated. In the unpublished portion of the opinion, we address and reject Schmitt's remaining arguments except his argument concerning the court's imposition of discretionary legal financial obligations (LFOs). Accordingly, we affirm the judgment and sentence except for the imposition of discretionary LFOs, which we reverse and remand for the trial court to conduct an individualized inquiry into Schmitt's current and future ability to pay; we deny Schmitt's consolidated Personal Restraint Petition (PRP); and we waive appellate costs.

## FACTS

¶2 In December 2013, the State charged Schmitt with first degree robbery and attempting to elude a police vehicle. Pursuant to a plea agreement, the charges were reduced to two counts of first degree theft and one count of second degree burglary. Schmitt's criminal history included a 1993 first degree robbery conviction, 1993 first degree burglary conviction, 1993 custodial assault conviction, 1996 second degree robbery conviction, 1998 first degree malicious mischief conviction,[1] and 2001 federal bank robbery conviction. Schmitt was released from prison on the 2001 bank robbery conviction in April 2013. The State initially calculated his offender score as 7 for the theft charges and 8 for the burglary charge. But at sentencing, the court

---

[1] Based on our record, the 1998 first degree malicious mischief offense occurred while Schmitt was incarcerated on the 1996 second degree robbery offense. He was released from incarceration for both the 1996 and 1998 offenses in August 6, 1999, and was arrested on the federal bank robbery charge 24 days later. Decl. of Jacob Schmitt (June 25, 2015) (attachment to PRP).

reduced Schmitt's offender score by one point because there was no comparable Washington offense for the federal bank robbery charge. Schmitt appeals.

## ANALYSIS

¶3 Schmitt argues his 1996 second degree robbery conviction washed out. We disagree.

¶4 Under RCW 9.94A.525(2)(b), class B felonies wash out after 10 years "if since the last date of release from confinement . . . the offender had spent ten consecutive years *in the community* without committing *any crime* that subsequently results in a conviction." (Emphasis added.) RCW 9.94A.525(2)(b) contains both a trigger clause and a continuity clause. *See State v. Ervin*, 169 Wn.2d 815, 821, 239 P.3d 354 (2010) (concerning RCW 9.94A.525(2)(c), a statute similar to RCW 9.94A.525(2)(b) but governing class C felonies). The trigger clause identifies the beginning of the 10-year period, and the continuity clause sets forth the substantive requirements an offender must satisfy during the 10-year period. *Id.* This case involves the continuity clause—whether Schmitt spent "ten consecutive years *in the community* without committing *any crime* that subsequently results in a conviction." RCW 9.94A.525(2)(b) (emphasis added).

¶5 Schmitt argues that he was actually considered "in the community" the entire time he was incarcerated on his federal bank robbery conviction because there is no comparable Washington offense for federal bank robbery. We agree that there is no comparable Washington offense to federal bank robbery; however, RCW 9.94A.525(3) controls, and Schmitt's federal bank robbery conviction interrupts the washout period.

¶6 To determine whether a conviction interrupts the washout period, we first start with a comparability analysis. *State v. Crocker*, 196 Wn. App. 730, 734, 385 P.3d 197 (2016). Following *Crocker*, "any crime" under RCW 9.94A-

.525(2)(b) "must be defined as a crime under *Washington* law." *Id.* at 735.

¶7 Schmitt had a 2001 federal bank robbery conviction for which he was released in 2013. Federal bank robbery is classified as a serious violent felony under federal statutes. 18 U.S.C. §§ 2113(a), 3559(c)(2)(F)(i). Federal bank robbery, however, is not comparable to robbery in Washington. *See In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 262, 111 P.3d 837 (2005) (federal bank robbery and robbery under Washington's criminal statutes are not legally or factually comparable). The question then is whether Schmitt's 2001 federal bank robbery conviction would still be considered "any crime" for purposes of interpreting RCW 9.94A.525(2)(b)'s continuity clause such that it interrupts the washout period. We hold that Schmitt's federal bank robbery conviction is a crime that interrupts the washout period.

¶8 RCW 9.94A.525(3) provides in relevant part:

> Federal convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law. If there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute.

Thus, federal felony offenses that have no comparable offense under Washington law or that are subject to exclusive federal jurisdiction are recognized under our offender score statute as class C felonies.

¶9 Here, federal bank robbery is not comparable to any offense under Washington law. *Lavery*, 154 Wn.2d at 262. But RCW 9.94A.525(3) requires that Schmitt's federal bank robbery conviction be recognized in Washington as a class C felony. Therefore, the federal bank robbery conviction would be considered "any crime" in Washington.

¶10 This case is distinguished from *Crocker*, which addressed an out-of-state conviction where the only compa-

rable Washington offense was a civil infraction. *Crocker*, 196 Wn. App. at 737. Our Supreme Court has held that such minor offenses do "not interrupt the wash-out." *Ervin*, 169 Wn.2d at 826. Here, however, we address a federal felony conviction. Since RCW 9.94A.525(3) characterizes federal bank robbery as a class C felony in Washington, and Schmitt did not spend 10 consecutive years in the community because of that federal felony conviction, his federal bank robbery conviction interrupts the washout period for the 1996 second degree robbery conviction.

¶11 We hold that Schmitt's 1996 second degree robbery conviction did not wash out because he was not released from confinement for his 2001 federal bank robbery conviction until April 2013. His current offense was committed in December 2013. Schmitt's federal bank robbery conviction is a class C felony in Washington per RCW 9.94A.525(3). Therefore, Schmitt fails to show that he spent "ten consecutive years in the community without committing any crime that subsequently results in a conviction." RCW 9.94A-.525(2)(b). Thus, Schmitt fails to show that his 1996 second degree robbery conviction washes out.

¶12 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON and SUTTON, JJ., concur.

Review denied at 188 Wn.2d 1002 (2017).